Dear Ms. Garcie:
As attorney for the Village of Florien (the "Village"), you have requested an opinion of this office as to whether the Village may purchase service weapons for its police officers and then have the officers reimburse the Village through payroll deductions over time.
La.R.S. 42:456 sets forth permitted payroll withholdings for public officers and employees. Paragraph B provides:
B. Except for deductions required by law, no withholding may be made from the earnings of any employee for the purposes permitted by this Section unless the withholding is specifically and voluntarily authorized by the employee in writing. Any amount withheld in accordance with the provisions of this Section shall be remitted to the organization designated on a regularly scheduled basis as prescribed by rules promulgated by the division of administration and administered by the state payroll office as provided in R.S. 42:455.
(emphasis added).
For purposes of Title 42, "the term `public office' means any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state. `Public officer' is any person holding a *Page 2 
public office in this state." La.R.S. 42:1. Although police officers in the Village of Florien are not in an elective or appointive municipal office, La.R.S. 42:456 should be used as a guideline for how and when payroll deductions are authorized for local agencies. See La. Atty. Gen. Op. No. 07-0080 (stating that "while R.S. 42:460 concerning recoupment of overpayments pertains to state employees, the statute should be used as a guideline for local agencies to recoup overpayments."). Thus, upon receipt of the employees' written authorization allowing payroll deductions to reimburse the Village for the cost of officers' weapon, and in accordance with the instructions contained therein, the employer may begin to make such deductions. We note that once the employee has reimbursed the Village for the entire amount, the weapon becomes the property of the officer and is no longer the property of the Village.
Another option is for the Village to use its public funds to purchase standard police equipment such as a badges, uniforms, and guns, and to issue the equipment to its police officers. In this case, all equipment issued to an officer would remain public property of the police department and must be returned when the employee ceases employment. La. Atty. Gen. Op. No. 08-0311.
Accordingly, it is the opinion of this office that the Village of Florien may purchase services weapons for its police officers and then have the officers reimburse the Village for the cost of the service weapons through payroll deductions. However, the officers must provide written authorization allowing the payroll deductions prior to any deductions being made.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt